United States District Court
Southern District of Texas

**ENTERED**

May 20, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEANPIER ROJAS CEPEDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-2148 |
| | § | |
| BRET BRADFORD, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

On October 10, 2022, Jeanpier Rojas Cepeda ("Petitioner"), a citizen of Venezuela, entered the United States with inspection and was paroled into the country until December 8, 2022.[1]  On December 30, 2022, Petitioner was issued a Notice to Appear, charging him with removeability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2]

On June 16, 2025, an immigration judge ordered Petitioner removed to Venezuela and denied Petitioner's asylum and withholding

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 11 ¶ 39; Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 7, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Notice to Appear, Exhibit 2 to Habeas Petition, Docket Entry No. 1-1, p. 5; Respondents' MSJ, Docket Entry No. 7, p. 2.

of removal.[3]   On June 20, 2025, Petitioner appealed his removal order.[4]   On February 18, 2026, Petitioner was taken into immigration custody by Immigration and Customs Enforcement under § 1225(b)(2).[5]   Petitioner remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process, and is arbitrary and capricious under the Administrative Procedure Act ("APA").[6]   Petitioner has also filed a Motion for Judgment on the Pleadings (Docket Entry No. 9).

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 7).   Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[7]   Petitioner has filed a reply.[8]

Petitioner argues that because he was detained and released upon his entry into the United States, he cannot be detained under § 1225(b)(2).[9]   However, as the Fifth Circuit explained in

---

[3]Respondents' MSJ, Docket Entry No. 7, p. 2.

[4]Habeas Petition, Docket Entry No. 1, p. 11 ¶ 42.

[5]Id. at 12 ¶ 44.

[6]Id. at 12-20, 22-25 ¶¶ 50-71, 83-95.

[7]Respondents' MSJ, Docket Entry No. 7, pp. 1-2.

[8]Petitioner's Reply to Respondent's Response to the Petition for Writ of Habeas Corpus and Opposition to the Motion for Summary Judgment, Docket Entry No. 8.

[9]Petitioner's Response to Order of the Judge, Docket Entry No.
(continued...)

Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), an alien who is present without lawfully being admitted to the United States is an applicant for admission and is therefore subject to mandatory detention under § 1225(b)(2). Id. at 498, 502. The Fifth Circuit's analysis and holding applies in this case.

Petitioner also argues that because he was previously released on his own recognizance, his detention without a bond hearing violates procedural due process.[10] However, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Petitioner asserts that his detention violates substantive due process.[11] But as explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).

---

[9](...continued)
5, pp. 3-6.

[10]Id. at 6-8.

[11]Habeas Petition, Docket Entry No. 1, pp. 19-20 ¶¶ 69-71.

Finally, Petitioner cannot seek habeas relief under the Accardi doctrine or the APA. Although Petitioner alleges he was arrested without a warrant in violation of 8 CFR § 287.8(c)(2)(ii),[12] "an illegal arrest has no bearing on the legality of detention following that arrest." Carnesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026). Moreover, as explained in Jiminez v. Bradford, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), because Petitioner is able to challenge his detention by filing a writ of habeas corpus, he is not entitled to relief under the APA. See 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.") (emphasis added).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.** Accordingly, Petitioner's Motion for Judgment on the Pleadings (Docket Entry No. 9) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 20th day of May, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[12] Id. at 20–22 ¶¶ 72–82.

-4-